UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DION PALMER, | Case No. 23-cv-06464-PCP |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND GRANTING MOTIONS TO PROCEED** |
| v. | ***IN FORMA PAUPERIS*** |
| GOVERNOR OF CALIFORNIA, et al., | |
| Defendants. | Re: Dkt. Nos. 2, 6 |

James Palmer, formerly an inmate at the San Francisco County Jail in San Francisco, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Complaint is before the Court for review under 28 U.S.C. § 1915A. The Complaint is dismissed with leave to amend.

## I.    Background

Mr. Palmer states that he "suffer[s] from schizophrenia." Compl. at 1. He states that he was given "no mental health treatment or care" during his time at the San Francisco County Jail. *Id*. at 2. He also states that his meals had "no or little" of certain vitamins and minerals; that the water temperature in the shower was unsatisfactory; and that the San Francisco County Jail is a "poor prison." *Id*. He also mentions "illegal detainment," "illegal extradition," and a "due process violation," but these appear to have occurred in British Columbia and the State of Washington. *See id*. at 3.

In the section of the Complaint seeking relief, Mr. Palmer asks for $11 million in damages, a "healthy nutritious diet," a "blood test for tuberculosis," a "DNA test," and an "acknowledgment of wrongdoings." *Id*. at 3. He also writes "9/11 Terrorist Suspect – Biochemical Weapons of Mass Destruction," lists several viruses, mentions the 1973 Triple Crown winner Secretariat, and writes "possible brown inoculation statute." *Id*. As exhibits to the Complaint, he submits copies of

1    multiple checks. *See* Dkt. No. 8.

2    **II.      Legal Standard**

3           Federal courts must screen any case in which a prisoner seeks redress from a governmental

4    entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must

5    identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim

6    upon which relief may be granted, or seek monetary relief from a defendant immune from such

7    relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v.*

8    *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

9    **III.     Analysis**

10          **A.      Parties**

11          Mr. Palmer purports to be bringing this action on behalf of himself and six other

12   individuals. *See* Compl. at 2. Four of these persons appear to be relatives of Mr. Palmer's. *See id*.

13   Mr. Palmer cannot sue on these persons' behalf because he is permitted only to represent himself.

14   *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (explaining that only attorneys

15   may represent another person). If other persons wish to sue on the claims at issue, each must file

16   his or her own pro se action.

17          Mr. Palmer names as Defendants the Governor of California; the Director and

18   "Department of Behavior Health and Disability Services," either for San Francisco or for the State

19   of California; the San Francisco Sheriff Department; and the San Francisco Jail. *Id*. at 1, 2. He has

20   not identified any way in which these Defendants harmed him. Rather, it appears that Mr. Palmer

21   sues the officials merely because they are officials in supervisory positions. "In a § 1983 suit ….

22   each Government official, his or her title notwithstanding, is only liable for his or her own

23   misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009). Under no circumstances is there

24   liability under section 1983 on the theory that one is responsible for the actions or omissions of

25   another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior

26   liability under section 1983."). It is insufficient for a plaintiff generally to allege that supervisors

27   knew about a constitutional violation and that they generally created policies and procedures that

28   led to the violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012). These Defendants must

United States District Court
Northern District of California

be dismissed from this action unless Mr. Palmer can identify in an amended complaint some action each Defendant took which caused Mr. Palmer's injury.

Moreover, Mr. Palmer cannot sue agencies such as the Sheriff's Department or the Department of Behavioral Health on the facts provided. To impose liability upon these agencies on the legal theories asserted in the complaint, Mr. Palmer must establish: "(1) that he possessed a constitutional right of which he [] was deprived; (2) that the [entity] had a policy; (3) that this policy amount[ed] to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy [was] the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citations and quotation marks omitted) (explaining how a government agency may be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)). If a plaintiff cannot identify an unconstitutional policy of the government agency, the plaintiff must "produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom." *Gordon v. Orange County*, 6 F.4th 961, 974 (9th Cir. 2021) (no custom or practice was shown where the record lacked evidence of any other event involving similar conduct or constitutional violations). "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985). Here, Mr. Palmer has not identified any policy or practice which caused any injury. *See generally* Compl.

### B.    Claims

With his allegations about mental health care, nutrition, and water temperature, it appears Mr. Palmer intends to state a claim for deliberate indifference to medical needs. *See id*. at 2.[1] However, he has not provided enough facts to state a claim, or to determine which legal standard applies to this claim.

If Mr. Palmer chooses to amend, he must provide more facts to support his claims.

---

[1] It is unclear whether his statements about illegal detention and extradition in British Columbia and the State of Washington were intended to state claims, or to provide background information on Mr. Palmer's life. *See* Compl. at 3. If Mr. Palmer intended to base claims on these events, he must provide more information. However, he is cautioned that any such claims likely would need to be filed in another court. *See* 28 U.S.C. § 1391 (explaining where lawsuits should be filed).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Although he says he received no mental health care while in San Francisco County Jail, *see*

2    Compl. at 2, if he was in that facility for only a matter of hours, providing mental health care may

3    not have been feasible. Mr. Palmer therefore must clarify how long he was in the San Francisco

4    County Jail and explain why mental health treatment was necessary during that period. Similarly,

5    Mr. Palmer complains about the shower temperature, but does not provide the information

6    necessary to determine what, if any, rights were implicated by the water temperature. For example,

7    if the water was lukewarm rather than hot, this would not state a claim for deliberate indifference.

8    But if the water was so hot that it scalded Mr. Palmer and caused an injury, this might state a

9    claim for deliberate indifference. *See Madrid v. Gomez*, 889 F. Supp. 1146, 1166–68, 1212 (N.D.

10   Cal. 1995) (concluding officials were deliberately indifferent where inmate suffered second- and

11   third-degree burns over one-third of his body when bathed in scalding water, and officials delayed

12   seeking medical assistance). Nor does Mr. Palmer explain how he knows his food had "no or little

13   amounts of" certain vitamins and minerals, much less provide the facts to show the levels present

14   in his food were nutritionally inadequate. Mr. Palmer simply must say more. If he chooses to

15   amend, he must identify specific persons who harmed him; what each Defendant did; what harm

16   Mr. Palmer suffered as a result of each Defendant's actions; and when these actions and this harm

17   occurred.[2]

18        Mr. Palmer also did not provide enough information for the Court to determine which legal

19   standard applies to his claims. If Mr. Palmer chooses to amend, he should state whether he was a

20   convicted prisoner within the San Francisco County Jail, a pretrial detainee, or an arrestee. If Mr.

21   Palmer was a convicted prisoner during his time in the San Francisco County Jail, then the

22   "'treatment [he] receive[d] in prison and the conditions under which he [was] confined are subject

23   to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The

24   Eighth Amendment requires prison officials to "ensure that inmates receive adequate food,

25   clothing, shelter, and medical care," and to "'take reasonable measures to guarantee the safety of

26   the inmates.'" *Id.* A prison official violates the Eighth Amendment when two requirements are

27

28   [2] *See Wilson v. Garcia*, 471 U.S. 261, 278–80 (1985); Cal. Code Civ. Proc. §§ 335.1, 377.60
     (together, meaning the statute of limitations on a § 1983 action is four years).

4

met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id*. (citing *Wilson*, 501 U.S. at 297). If Mr. Palmer were a pretrial detainee during his time at the San Francisco County Jail, then his medical needs claim would be analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). Although a deliberate indifference test still applies to a pretrial detainee's claim, it is an objective deliberate indifference test, rather than the subjective deliberate indifference test applicable to a prisoner's claim. *See Gordon v. County of Orange*, 888 F.3d 1118, 1122 & n.4 (9th Cir. 2018). Finally, if Mr. Palmer were an arrestee in the San Francisco County Jail, the Fourth Amendment may apply to his medical needs claim. *See J. K. J. v. City of San Diego*, 17 F.4th 1247, 1257 (9th Cir. 2021) ("For purposes of this appeal, we need not decide whether the Fourth Amendment also governs J.K.J.'s claim for denial of medical care, because, under both [the Fourteenth and Fourth Amendment] standards, dismissal was warranted . . . ."), *amended and superseded on reh'g,* 42 F.4th 990 (9th Cir. 2021), *reh'g en banc granted, opinion vacated,* 59 F.4th 1327 (9th Cir. 2023). Information on Mr. Palmer's status is necessary so the Court may know how to proceed.

## IV. CONCLUSION

The Complaint is dismissed with leave to amend.

Mr. Palmer's *in forma pauperis* application is **GRANTED**. The initial partial filing fee is $0.10. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Palmer and the institution's trust account office.

Mr. Palmer may file a FIRST AMENDED COMPLAINT within **thirty-five days** from the date this order is filed. The first amended complaint must include the caption and civil case number used in this order (CV 23-6464-PCP (PR)) and the words FIRST AMENDED COMPLAINT on the first page. If Mr. Palmer files a first amended complaint, he must allege facts

United States District Court
Northern District of California

1   that demonstrate he is entitled to relief on every claim. An amended complaint supersedes the

2   original complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("[A]

3   plaintiff waives all causes of action alleged in the original complaint which are not alleged in the

4   amended complaint."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262–63 (9th Cir. 1992) (where an

5   amended complaint did not name all the defendants to an action, they were no longer defendants).

6   **Failure to file an amended complaint within thirty-five days and in accordance with**

7   **this order will result in a finding that further leave to amend would be futile, and this action**

8   **will be dismissed.**

9   It is Mr. Palmer's responsibility to prosecute this case. Mr. Palmer must keep the Court

10   informed of any change of address by filing a separate paper with the Clerk headed "Notice of

11   Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so

12   will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

13   Procedure 41(b).

14

15   **IT IS SO ORDERED.**

16   Dated: September 19, 2024

17

18   _____

19   P. Casey Pitts
     United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California